**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Alison J. Southard, SBN 335716
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
EMAIL: wcamy@porterscott.com
asouthard@porterscott.com

**OFFICE OF COUNTY COUNSEL**
**COUNTY OF BUTTE**
Bruce S. Alpert, SBN 075684
Brad J. Stephens, SBN 212246
25 County Center Drive
Oroville, CA 95965
TEL: (530) 538-7621
FAX: (530) 538-6891
EMAIL: balpert@buttecounty.net
bstephens@buttecounty.net

Attorneys for Defendants,
COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, KORY L. HONEA, BUTTE COUNTY SHERIFF

*Exempt from filing fee pursuant to Government Code section 6103*

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE BYERS, Individually and as Successor in Interest for SHERMAN HERBERT SILVIA, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BUTTE, a municipal corporation; BUTTE COUNTY SHERIFF'S OFFICE; KORY L. HONEA, BUTTE COUNTY SHERIFF, and DOES 1-20,<br><br>Defendant.<br>_____/ | Case No.: 2:21-cv-02119-JAM-DMC<br><br>**STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**<br><br><br><br><br><br><br>Complaint Filed: 11/15/21 |

{02613475.DOCX}                                    1

**STIPULATION AND (PROPOSED) PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**

Defendants COUNTY OF BUTTE and BUTTE COUNTY SHERIFF'S OFFICE ("Defendants") in good faith believe that documents potentially within the scope of discovery for the instant matter, including but not limited to the documents identified below that have been requested by Plaintiff, are subject to protection pursuant to Fed. R. Civ. P. 26(c). The terms of this protective order shall apply to the items listed below and any future production of confidential documents that Defendant—or Plaintiff— may designate in good faith to be confidential.

## STIPULATION AND PROTECTIVE ORDER

The Defendants take the position that the following documents are subject to protection pursuant to Fed. R. Civ. P. 26(c):

1. BCSO In Custody Death book for Sherman Silva, including:
   a. BCSO incident related documents and reports
   b. BCDA investigation related reports
   c. Coroner's Report
   d. BCSO Jail documents related to inmates involved in incident
   e. Autopsy Report
   f. Videos related to inmates involved in incident
2. BCSO Policies and Procedures related to classification of inmates
   a. Classification documents for inmates

**A.    DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants or Plaintiff designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order.  Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R.

Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, and any of their employees later named as Defendants, if any.

5. "Plaintiff" shall mean JOYCE BYERS.

6. "Parties" shall mean Plaintiffs and Defendants, identified above.

**B.   TERMS OF THE PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the following terms apply to documents designated as "Confidential" by the Defendants or Plaintiff and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the civil case *Joyce Byers v. County of Butte, et al.*, No. 2:21-cv-02119-JAM-DMC (E.D. Cal.) and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. Defendants or Plaintiff, the "Designating Party" will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3. The Confidential Documents may only be disclosed to the following persons:

(a)   T. Kennedy Helm, IV of Helm Law Office, PC and John Burton of The Law Offices of John Burton, partners and associate attorneys in their offices, if any, as counsel for Plaintiff in this case;

(b)   William E. Camy of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in this case;

(c)   Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b), including stenographic deposition reporters or videographers retained in connection with this action;

(d)   Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e) Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

(f) The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and,

(g) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential Documents will be filed and served in accordance with Local Rule 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6. Any party or non-party may challenge a designation of confidentiality at any time. It is recognized that there is an ongoing investigation into the subject incident, and thus some documents which may be initially properly designated as confidential may not be properly considered confidential at a later time after the investigation and any potential criminal matter arising out of the subject incident is resolved. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this

meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge. Failure by the Designating Party to make such a motion within twenty-one (21) days (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media, provided that the Challenging Party has not obtained, by challenge or otherwise, the removal of the confidentiality designation from the Confidential Documents.

8. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

9. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

10. After the conclusion of this litigation, the Confidential Documents will remain confidential, unless the Challenging Party has obtained removal of the confidentiality designations. "Conclusion" of

this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

11. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties, unless the Challenging Party has obtained removal of the confidentiality designations from certain documents.

13. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Date: February 4, 2022	PORTER | SCOTT
	A PROFESSIONAL CORPORATION


	By /s/ *William E. Camy*
	    William E. Camy
	    Alison J. Southard
	    Attorneys for Defendants

Date: February 4, 2022	HELM LAW OFFICE, PC
	THE LAW OFFICES OF JOHN BURTON


	By  /s/ *T. Kennedy Helm, IV*
	    T. Kennedy Helm, IV
	    John Burton
	    Attorneys for Plaintiff

//

//

//

//

**ORDER**

Pursuant to the stipulation of the parties:

1. The protective order outlined above, docketed at ECF No. 12 as an amended proposed stipulated protective order, is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2009).

**IT IS SO ORDERED.**

Dated:  February 15, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE